UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISSA STONE, an individual, | No. 2:24-cv-1334 DC AC |
| Plaintiff, | |
| v. | ORDER |
| ALLIED PROPERTY & CASUALTY INSURANCE COMPANY, a Foreign Corporation, AMCO INSURANCE COMPANY, a Foreign Corporation, | |
| Defendants. | |

Before the court is plaintiff's motion to compel discovery, initially filed on January 14, 2026 (ECF No. 37) with an amended version filed January 15, 2026 (ECF No. 41), noticed for hearing on February 4, 2026. The matter was submitted for a decision without oral argument. ECF No. 39, 45. The parties submitted the required joint statement. ECF No. 38.

Plaintiff's motion is DENIED as untimely. Fact discovery in this case closed on November 25, 2025. ECF No. 34. Plaintiff acknowledges this but argues that the court should nonetheless consider her motion because defendant did not respond to her original proposed Joint Statement, sent on November 7, 2025, until the afternoon of November 25, 2025. ECF No. 38 at 2. Further, plaintiff argues that expert discovery is still open, and motion practice does not close until March 20, 2026. ECF No. 38 at 3. Plaintiff's arguments are not persuasive.

1

Defendant points out that in response to plaintiff's document requests, it produced documents on November 13, *2024*, served a privilege log on November 14, *2024*, and served an updated privilege log on March 26, 2025, yet plaintiff first requested to meet-and-confer regarding the privilege log redactions on October 7, 2025. ECF No. 38 at 4. At no point did plaintiff contend defendant was dilatory or request a stipulation or court order to extend the November 25, 2025 fact discovery deadline. Further, plaintiff did not file the motion to compel until January 14, 2026, 50 days after fact discovery closed. Indeed, even if plaintiff had not sent defendant a draft joint statement on November 7, 2025 but actually filed the motion to compel on that day, it *still* would have been untimely because it could not have been heard before the November 25, 2025 deadline. Pursuant to E.D. Cal. Local Rule 251(a), a movant in a discovery dispute must schedule the hearing date on the appropriate calendar at least twenty-one (21) days from the date of filing and service—which in this case would have been December 3, 2025 if the motion was filed on November 7, 2025.

Plaintiff's contention that the court should consider this untimely motion because other deadlines in this case have not yet passed is baseless on its face. The motion to compel is untimely and therefore will not be considered. The parties are free to continue to engage in informal negotiations regarding discovery, but the right to seek enforcement by this court concluded no later than November 25, 2025. ECF No. 34. Because plaintiff's motion (ECF No. 41) is untimely it is DENIED.

IT IS SO ORDERED.

DATED: February 9, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2